ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Northrop Grumman Corporation | )      ASBCA No.  62189 |
| | ) |
| Under Contract No.  NNM07AA75C | ) |

APPEARANCES FOR THE APPELLANT:      Thomas A. Lemmer, Esq.
                                   DeAnna R. Hamilton, Esq.
                                   Mark J. Meagher, Esq.
                                     Dentons US LLP
                                     Denver, CO

APPEARANCES FOR THE GOVERNMENT:      Arthur M. Taylor, Esq.
                                       DCMA Chief Trial Attorney
                                     Amelia R. Lister-Sobotkin, Esq.
                                       Trial Attorney
                                       Defense Contract Management Agency
                                       Chantilly, VA

OPINION BY ADMINISTRATIVE JUDGE WILSON ON THE GOVERNMENT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION

The Defense Contract Management Agency (government or DCMA) moves for dismissal of this appeal, asserting the Board lacks subject matter jurisdiction because a proper claim was not submitted and the contracting officer did not issue a final decision. Northrop Grumman Corporation (Northrop or appellant) opposes the motion, stating that it appealed a government claim, so it did not need to submit its own claim. The government denies issuing a government claim. Both parties submitted sur-replies in addition to their regular briefs. The Board has considered all briefs submitted and for the reasons stated below grants the government's motion.

STATEMENT OF FACTS (SOF) FOR THE PURPOSES OF THE MOTION

1. On August 12, 2016, a class action lawsuit was filed in the U.S. District Court for the Eastern District of Virginia. *Knurr v. Orbital ATK, Inc.*, C.A. No. 1:16-cv-01031-TSE-MSN (*see* compl. ¶ 23). The lawsuit alleged that false and misleading statements caused relevant stock "[shares] to be overvalued and impacted the exchange ratio to the

detriment of Orbital Sciences shareholders" and that the "stock price was artificially inflated" (R4, tab 3b at 58).*

2. The *Knurr* parties reached a settlement, which was approved by the court on June 7, 2019 (compl. ¶ 46).

3. On March 13, 2019, Northrop sent a letter to the DCMA's corporate administrative contracting officer (CACO) stating it believed:

> [T]he costs associated with the litigation settlement costs are allowable under FAR 31.205-47 as the litigation and investigation costs associated with these matters and the underlying facts do not trigger FAR 31.201-47 . . . . As such, [Northrop] plans to claim the costs associated with the settlement costs as allowable in forward pricing rates and incurred costs submissions.

(R4, tab 2 at 47 (emphasis in original omitted))

4. In response to Northrop's letter, on June 20, 2019, the CACO issued a letter to Northrop, stating that the settlement costs "are expenditures in connection with executing mergers and acquisitions as well as raising capital" which are expressly unallowable under FAR 31.205-27, ORGANIZATION COSTS (APR 1988). Further, the CACO determined that "costs in connection with defending and/or settling th[e] lawsuit are also unallowable as directly associated costs in accordance with FAR 31.301-6." The CACO directed Northrop that the costs needed to be excluded from Northrop's "2019-2023 Sector Home Office Allocation Submission (19-02)" and that "any and all costs associated with the litigation and ultimate settlement should be identified and excluded from any billing, claim or proposal applicable to a government contract." (R4, tab 5 at 165). Additionally, the letter did not advise Northrop that this was a final decision and notify it of its appeal rights under the applicable FAR provisions.

5. On September 18, 2019, Northrop filed a notice of appeal, claiming the June 20, 2019 letter was a final decision asserting a government claim "that certain costs that [Northrop] incurred defending a litigation and settling the litigation in 2019, are unallowable costs in [Northrop's] fiscal year [] 2019."

---

* Although the facts surrounding the class action are more complicated than discussed here, they are not relevant to the jurisdictional determination before us. As such, the Board will not address the facts surrounding the class action in detail.

DECISION

In its motion to dismiss, the government alleges that appellant's March 13, 2019 letter was not a proper claim under the Contract Disputes Act (CDA) and that the June 20, 2019 letter was not a contracting officer's final decision (COFD). In its response to the motion and sur-reply, appellant states that it agrees the March 13, 2019 letter is not a claim, but that it appealed an alleged government claim that was asserted in the June 20, 2019 letter. In its reply and sur-reply, the government further emphasizes that the June 20, 2019 letter was not a COFD and that it did not assert a government claim. As such, the issue presented to the Board is whether a proper claim exists in this underlying appeal.

"Appellant, as the proponent of the Board's jurisdiction, bears the burden of establishing jurisdiction by a preponderance of the evidence." *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816 (internal citations omitted). "The facts supporting jurisdiction are subject to our fact-finding upon a review of the record." *Id*. To establish the Board's jurisdiction pursuant to the CDA, there must be "both a valid claim and a contracting officer's final decision on that claim." *M.Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (internal citations omitted). Pursuant to 41 U.S.C. § 7103(a)(1), "[e]ach claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." Although the CDA does not define "claim," the Federal Acquisition Regulation (FAR) does:

> Claim means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.

FAR 2.101.

As such, this Board "has jurisdiction to decide any appeal from a decision of a contracting officer…relative to a contract made by that department or agency." 41 U.S.C. § 7105(e)(1)(A).

While the government extensively argues that the March 13, 2019 letter is not a valid claim, ultimately depriving the Board of jurisdiction (gov't mot. at 6-13), appellant does not dispute this allegation (app. reply at 8). We agree that the March 13, 2019 letter is not a certified claim. As such, we must determine if a valid government claim exists in this appeal, by deciding if the June 20, 2019 letter was a COFD that asserted a government claim.

3

In appeals where appellant alleges "the CDA claim is a government claim, the contracting officer's final decision is considered to be the claim." *L-3 Commc'ns Integrated Sys. L.P.*, ASBCA Nos. 60713, 60716, 17-1 BCA ¶ 36,865 at 179,625 (citing *Lockheed Martin Corp.*, ASBCA No. 57525, 12-1 BCA ¶ 35,017). "Pursuant to the CDA, for a government claim, this Board's jurisdiction is dependent on a contracting officer asserting a claim in the form of a contracting officer's final decision issued to the contractor." *Id*. (citing *Raytheon Company*, ASBCA No. 57576 *et al.*, 15-1 BCA ¶ 36,043 at 176,049). Northrop must therefore, prove by a preponderance of the evidence that the June 20, 2019 letter constituted a "claim" pursuant to FAR 2.101. *CCIE & Co*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816.

Northrop cannot meet its burden of proof. The government's June 20, 2019 letter was not a "demand" or "assertion" seeking either the payment of money the government alleged it was due, the interpretation of contract terms or other relief arising under the contract as required by FAR 2.101. In fact, the letter did not seek anything at all - instead, it responded to Northrop's March 13, 2019 letter, and notified Northrop that the costs associated with the settlement and litigation were not allowable (SOF ¶ 4). *See Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1265 (Fed. Cir. 1999) (claim must "specifically assert entitlement to the relief sought . . . [and] be a demand for something due or believed to be due").

Additionally, the CDA, 41 U.S.C. §7103(e), requires that any COFD "inform the contractor of 'its rights as provided in this chapter.'" *Access Personnel Services, Inc.*, ASBCA No. 59900, 16-1 BCA ¶ 36,407 at 177,517. FAR 33.211(a)(4)(v) implements this statutory language, requiring that a proper COFD contain substantially the following language:

> This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number.
>
> . . . .
>
> Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims. . . within 12 months of the date you receive this decision . . . .

4

The June 20, 2019 letter failed to comply with the CDA and FAR requirements for a COFD (SOF ¶ 4). While the absence of this language is not itself dispositive, its absence supports the notion that the government did not intend the June 20, 2019 decision to be a COFD for a government claim since the Board considers the facts and circumstances surrounding how the claim and COFD came about to determine which party asserted the claim. *See R&R Sys. Solutions, LLC*, ASBCA Nos. 62169, 61405, 19-1 BCA ¶ 37, 269 at 181,359 n.8; *Boeing Co.*, ASBCA No. 36612, 89-1 BCA ¶ 21,421 at 107,957.

Northrop has failed to meet its burden of proof to establish that the June 20, 2019 letter, sent by the government in response to Northrop's own March 13, 2019 letter, was a COFD which asserted a government claim. The facts and circumstances surrounding the letter's issuance, as well as the contents of the letter itself, do not rise to the CDA's requirements for a government claim. Without a proper claim by either party, the Board lacks jurisdiction over the appeal.

CONCLUSION

The government's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

Dated: April 13, 2021

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKELFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

LAURA EYESTER
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62189, Appeal of Northrop Grumman Corporation, rendered in conformance with the Board's Charter.

Dated:  April 14, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals